UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:25-MJ-00146 (MAU) |
| | : | |
| CHRISTIAN ENRIQUE | : | |
| CARIAS TORRES | : | |

## Motion for Expungement

Mr. Torres, through undersigned counsel, respectfully moves to expunge his arrest record in this "disturbing" case that "does not reflect what" the United States of America should be. Dave Jamieson, *How 'Horseshit' Criminal Cases Help Trump Hype His DC Police Takeover*, HuffPost (Aug. 28, 2025).[1]

"Courts have the inherent, equitable power to expunge arrest records." *Livingston v. United States Department of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985). This is true where there is an "unlawful … arrest" and where "equitable considerations" support it. *United States v. McKnight*, 33 F. Supp. 3d 577, 581 (D. Md. 2014) (noting that "the courts clearly have ancillary jurisdiction to expunge records of unlawful … arrests," while expunging arrest record where individual completed pretrial diversion program using its equitable discretion to "manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." (internal quotations omitted)).

As one court explained:

> In the absence of a specific denial of power, this court may fully effectuate its jurisdiction and do complete justice in the cases before it. *Morrow v. District of Columbia,* [] 417 F.2d 728, 737-738 [(D.C. Cir. 1969)]. *Cf.*, 28 U.S.C. § 1651 (All

---

[1] Available at https://www.huffpost.com/entry/trump-dc-police-takeover_n_68b08bece4b0d087ed3f2b3c (last accessed Sep. 5, 2025).

1

> Writs Statute). This plenary power undoubtedly includes the authority to order expunction of criminal records where circumstances demand such action. *Menard v. Mitchell*, [] 430 F.2d 486 ([D.C. Cir.] 1970); *Kowall v. United States*, 53 F.R.D. 211, 213 (W.D. Mich. 1971) (expunction ordered in connection with granting relief under 28 U.S.C. § 2255); *United States v. Kalish,* 271 F.Supp. 968 (D.P.R. 1967). . . . Expunction has generally been ordered where the arrest was without probable cause, *Menard v. Mitchell*, *supra*, for harassment, or where there are extraordinary circumstances such as mass arrest. *See, e.g., Wheeler v. Goodman*, 306 F.Supp. 58, 65-66 (W.D.N.C. 1969).

*United States v. Bohr*, 406 F. Supp. 1218, 1219 (E.D. Wis. 1976) (granting expungement where the court dismissed the indictment upon the filing of a motion to quash).

Here, following his exit from a coffee shop with an order to deliver by moped, Mr. Torres was arrested for assault on a police officer after being chased, tackled, and shocked by a stun gun by masked federal agents driving Maryland cars who would not identify themselves. This over-the-top arrest was unlawful and for harassment, the facts are extraordinary, and equitable considerations require expungement. As Judge Faruqui underscored, "It appears masked men came and arrested you[.] It's disturbing. These pictures do not reflect to me what I believe the United States of America to be." Jamieson, *How 'Horseshit' Criminal Cases Help Trump Hype His DC Police Takeover*. "I'd say we live in a surreal world right now," stated Judge Faruqui, who further explained that "You should be treated with basic human dignity. We don't have a secret police." Salvador Rizzo & Michael Laris, *D.C. judges and grand jurors push back on Trump policing surge*, WaPo (Aug. 27, 2025).[2]

The government itself has now moved for dismissal *with prejudice*—an outcome, it has made clear, that is outside the "ordinary course" and yet one which it believes is in the interests of justice here. *Compare* ECF No. 10 *with* Gov. Supp. Br. at 5, ECF No. 9, *United States v.*

---

[2] Available at https://www.washingtonpost.com/dc-md-va/2025/08/27/trump-crime-surge-court-cases/ (last accessed Sep. 5, 2025).

*Torez Riley*, 25-mj-00154-MAU (Aug. 29, 2025). Just as dismissal with prejudice is in the interests of justice, so too is expungement wholly appropriate in these extraordinary circumstances. As in *McKnight* and *Bohr*, "[Mr. Torres's] case never reached the trial stage[,]" and "[w]ithout subsequent proceedings, expunction of the [] arrest records would be a simple and brief matter." *Bohr*, 406 F. Supp. at 1219. Moreover, the balance of equities is clearly in Mr. Torres's favor. "The potential that improper inferences will be drawn from arrest records is significant." *Id*. at 1220 (citing *Morrow v. District of Columbia,* supra, at 742; *Menard v. Mitchell,* supra, at 491). Yet, these records are the product of a disturbing arrest and a "charge first, ask questions later" mentality at the U.S. Attorney's Office. Dave Jamieson, *Judge Warns Of 'Lawlessness' In Trump's DC Policing Takeover*, HuffPost (Aug. 25, 2025).[3] There is simply no valid interest that the government or the public has in maintaining access to records that are a product of such a disturbing arrest lacking in basic human dignity.

      From the beginning, ICE officers presented a questionable set of allegations against Mr. Carrias-Torres, even though they were in fact the ones that assaulted Mr. Carrias-Torres. Counsel strongly suspects that the government was motivated by the troubling narrative that ICE was "kidnapping" individuals who did not commit crimes but were simply working. *Trump's Ice Arrests Non-Criminals Despite Crime-Focused Message*, June 13, 2025, found at https://www.reuters.com/world/us/trumps-ice-arrests-non-criminals-despite-crime-focused-message-2025-06-13/; *ICE Data Shows Surge in D.C. Area Arrests of People Without Criminal Convictions,* August 28, 2025, found at https://www.nbcwashington.com/investigations/ice-data-dc-

---

[3] Available at https://www.huffpost.com/entry/judge-sounds-alarm-trump-dc-takeover_n_68aca65ae4b01646d84f81e1 (last accessed Aug. 27, 2025).

arrests/3981520/#:~:text=More%20than%20half%20of%20the,than%20half%20of%20all%20arrests; *Ice Arrests Surge in DC Region – Most Have No Criminal Record, Data shows*, July 24, 2025, found at https://wjla.com/news/local/dc-immigration-enforcement-ice-arrests-surge-dmv-immigrants-uc-berkeley-report-fairfax-county-virginia-maryland-data-trump-policy-dhs-immigrant-rights-casa-advocacy-deportation-raids-non-criminals-security.  This Court should grant this Motion under its inherent power.

    Respectfully submitted,

    A.J. KRAMER
    FEDERAL PUBLIC DEFENDER


    _____/s/_____
    EUGENE OHM
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W., Suite 550
    Washington, D.C.  20004
    (202) 208-7500